**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

REX HARVEY

                    Plaintiff,

v.                                                        Case No. 12-CV-10620
                                                           Honorable Denise Page Hood

PNC BANK,

                    Defendant.

_____/

**<u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u>**
**<u>CLOSING THIS CASE</u>**

## I.      INTRODUCTION

This matter involves a challenge to a sheriff's sale. Now before the Court is Defendant's Motion to Dismiss [Docket No. 7, filed April 13, 2012]. The matter has been fully briefed. The Court dispensed with oral arguments on June 13, 2012. Upon consideration of the parties' briefs, Defendant's Motion to Dismiss is GRANTED.

## II.     STATEMENT OF FACTS

On December 22, 2011, Plaintiff filed the present action in Wayne County Circuit Court requesting quiet title and alleging unjust enrichment, breach of implied agreement/specific performance and M.C.L. § 3205c. PNC removed the action to this Court on February 13, 2012. Defendant has filed the instant motion in lieu of an answer to Plaintiff's Complaint.

On August 1, 2003, Plaintiff executed a Note for $140,000 for the property commonly known as 8641 Canton Center, Canton, Michigan. First Franklin Financial Corporation was granted a Mortgage interest in security of the loan. The security interest was recorded at the

Wayne County Register of Deeds on October 10, 2003. On April 19, 2005, First Franklin assigned its interest in the Mortgage to National City Bank of Indiana. This interest was recorded with the Wayne County Register of Deeds on May 4, 2005. National City is a successor of Defendant, PNC National Association.

At some point not specified, Plaintiff defaulted on the loan and attempted to obtain a loan modification. A Sheriff's sale was held on July 6, 2011 where PNC purchased the property. The Sheriff's deed was recorded with the Wayne County Register of Deeds on July 19, 2011. The redemption period on the property expired on January 6, 2012.

## III.    LAW & ANALYSIS

### A.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Defendant has attached several documents to its motion to dismiss: the note, the mortgage, the assignment, and the sheriff's deed. In deciding a motion to dismiss, the Court

"may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and central to the claims contained therein." *Bassett v. Nat'l Collegiate Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Federal Rule of Civil Procedure 10(c) provides that a copy of the written instrument is "part of the pleading for all purposes." The plaintiff is not required to attach the written instrument. *Weiner v. Klais & Co.*, 108 F.3d 86 (6th Cir. 1997). However, the defendant may attach the written instrument if the plaintiff fails to do so and it will be considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). The Court will proceed with its analysis pursuant to Rule 12(b)(6).

### B.  Standing

PNC asks the Court to dismiss Plaintiff's Complaint because the redemption period has expired and, accordingly, Plaintiff no longer has standing to challenge the interest in the property. Standing is a threshold issue that must be determined before the Court may consider substantive issues. *Planned Parenthood Assoc. v. Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987). The federal courts are limited by Article III of the Constitution to "cases and controversies." Standing is present when: (1) plaintiff had suffered an "injury in fact, which is both concrete and particularized, and actual or imminent;" (2) there is a causal connection between the injury and complained of activity such that it is fairly traceable to the defendant's actions; and (3) it is likely, not speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). The plaintiff has the

burden of proving with specificity all three elements of standing. *Coyne ex rel. Ohio v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999).

Once a property is foreclosed upon in Michigan, all rights and title are vested in the purchaser. *See* M.C.L. § 600.3236.  A former owner losses "all [his/her] right, title, and interest in and to the property at the expiration of [his/her] right of redemption" and cannot no longer assert the rights of those with an interest. *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942); *see also Matthews v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 2560329 (E.D. Mich. Apr. 5, 2011); *Overton v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009). Filing an action in court does not toll the expiration of the redemption period. *Overton,* 2009 WL 1507342 at 1 (finding that the filing of the plaintiff's "suit before the redemption period expired…was insufficient to toll the redemption period"). Once the redemption period expired, all title and interest vested in the purchaser.

"[I]t would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *United States v. Garno*, 974 F.Supp. 628, 633 (E.D. Mich. 1997). Plaintiff has alleged for the first time in his response the presence of fraud. Yet, Plaintiff still fails to specify any facts supporting this allegation. *See* Fed. R. Civ. P. 9(b) ("a party must state with particularity the circumstances constituting fraud or mistake"); *see also Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) ("At a minimum, [a plaintiff] must allege the time, place and contents of the misrepresentations upon which [he or she] relied"). In his response, Plaintiff simply enumerates the elements of fraud. While the Court appreciates Plaintiff's recitation of the law, Plaintiff's allegation that there was fraud or misrepresentation without any support cannot survive a motion to dismiss. The Court dismisses Plaintiff's Complaint to the extent that he seeks legal title to the property.

### C.  Substantive Claims

#### 1.  Quiet Title

Plaintiff alleges that he is entitled to quiet title of the Property because PNC's actions were "intentionally designed to preclude Plaintiff from entering a Loan Modification or a negotiated settlement to keep possession of his home" and PNC foreclosed on the Property "without allowing the Plaintiff to Modify the Loan." [Docket No. 1, Ex. 2, ¶¶ 14, 15]. The plaintiff has the initial burden of proof to establish a *prima facie* case to quiet title to the Property. *Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet County Road Com'n,* 600 N.W.2d 698, 700 (Mich. App. 1999).[1] The burden of proof then shifts to the defendant to prove that it has superior title. *Id.*

Plaintiff has failed to make one allegation that shows that he is entitled to quiet title in the Property. Rather, Plaintiff has merely stated that he was not allowed to modify the loan. There is no private right of action under the Home Affordable Modification Program ("HAMP"). *See Hart v. Countrywide Home Loans, Inc.*, 735 F.Supp.2d 741, 748 (E.D. Mich. 2010) ("[A]ssuming Plaintiff is eligible for modification…and assuming that the Lending Statutes impose a duty on Defendant to modify Plaintiff's mortgage (which they do not), the statutes do not create a private right of action under which Plaintiff may seek relief. 'There is no express or implied right to sue fund recipients ... under TARP or HAMP'"); *Yunanova v. BAC Home Loan Servicing, LP*, 2012 WL 441161, 6 (E.D. Mich. Feb. 10, 2012) (It is "widely held by Michigan and federal courts [that] there is no private right of action under HAMP"). PNC's failure to

---

[1] Michigan has codified the equitable action to quiet title: "Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not." M.C.L. § 600.2932

negotiate with Plaintiff to modify the loan does not establish his title in the Property. The Court dismisses Plaintiff's claim for quiet title.

### 2. Doctrine of Laches

PNC contends that Plaintiff's Complaint is barred by the equitable doctrine of laches citing state law to support its argument. *See Wayne County v. Wayne County Ret. Comm'n*, 267 Mich.App. 230, 252 (Mich. Ct. App. 2005); *Jackson Inv. Corp. v. Pittsfield Products, Inc.*, 162 Mich. App. 750, 756-57 (Mich. Ct. App. 1987) (affirming trial court decision that doctrine of laches applied when the plaintiff did not file his complaint "until five months of the six-month redemption period had passed"). The Property sold at Sheriff's sale in July 2011. Plaintiff did not file the present action until December 2011. The redemption period expired on January 6, 2012 and Plaintiff has not shown that he has tendered any money to redeem the Property. Plaintiff offers absolutely no argument that the doctrine of laches does not apply. Nor does Plaintiff provide one reason for his delay in bringing this action until mere days before the redemption period expired.

However, PNC has not cited any authority that would allow this Court to apply the state law doctrine of laches in this case. According to the Sixth Circuit, the equitable doctrine of laches requires a showing that Plaintiff lacked diligence and that PNC is prejudiced by Plaintiff's lack of diligence. *Ford Motor Company v. Catalanotte*, 342 F.3d 543, 550 (6th Cir. 2003). The Court must consider more than time, but "the inequity of permitting a claim to be enforced" because "[l]aches, rather than a statute of limitations, governs the claims brought to enforce an 'equitable right created by Congress." *Id.* (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946)). PNC has not provided any federal statute that would support its "equitable right created by Congress," which would allow this Court to apply the equitable doctrine of laches. As such,

6

the Court declines to dismiss Plaintiff's Complaint on the basis of the doctrine of laches.

### 3. Unjust Enrichment

Plaintiff alleges that PNC has been unjustly enriched because the property was foreclosed upon without allowing Plaintiff an opportunity to modify the loan. Unjust enrichment requires the plaintiff to show: (1) receipt of a benefit by the defendant from the plaintiff and (2) plaintiff experienced inequity because of the defendant's retention of the benefit. *Barber v. SMH (US)*, 202 Mich. App. 366, 375 (Mich. Ct. App. 1993). The law will imply a contract in order to prevent an injustice. *Martin v East Lansing School Dist*, 193 Mich App 166, 177 (Mich. Ct. App. 1992). However, the Court will not imply a contract if there is an express contract on the same subject matter. *Campbell v. Troy*, 42 Mich. App. 534, 537 (Mich. Ct. App. 1972). Plaintiff's claim for unjust enrichment must fail because there is already a contract governing the parties' rights in this subject. This claim is dismissed.

### 4. Implied Agreement/Specific Performance

Plaintiff alleges that that PNC "must be ordered to continue the processing of the Loan Modification or negotiate in good faith a settlement on the subject property." [Docket No. 1, Ex. 2, ¶ 26]. PNC counters that Plaintiff has failed to allege the existence of a written promise to modify the loan as required by the statute of frauds. The statute of frauds provides in relevant part:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>> (c) A promise or commitment to waive a provision of a loan, extension of credit,

or other financial accommodation.

M.C.L. § 566.132(2).  Not only has Plaintiff failed to allege that he is eligible for a loan modification, he has failed to identify any written promise that was signed by PNC to modify the loan. The Michigan statute of frauds is unambiguous. *Crown Tech. Park v. D&N Bank*, 242 Mich. App. 538, 550 (Mich. Ct. App. 2000). The Michigan Court of Appeals has noted that the statute precludes a party "from bringing a claim--*no matter its label*--against a financial institution to enforce the terms of an oral promise to waive a loan provision." *Id.* (emphasis added).

Plaintiff bases his claims on Defendant's failure to modify the loan. However, Plaintiff admits that he was attempting to negotiate a loan modification, nothing more. There is no indication that an actual modification plan was executed. To the extent that Plaintiff relies on an oral promise to modify the loan, this claim and his Complaint fails.

### 5.  M.C.L. 3205c

PNC argues that M.C.L. § 600.3205c does not require it to modify a note or mortgage. Plaintiff alleges that Defendant failed to follow the requirements of M.C.L. § 600.3205c. Plaintiff does not allege exactly how Defendant failed to meet its responsibilities under the statute. It appears from the remainder of the Complaint that Plaintiff argues that Defendant failed to work with Plaintiff to achieve a loan modification before foreclosing on the property.

Section 600.3205c describes the procedure for requesting a loan modification. Subsection (1) provides that a "[i]f a borrower….contact[s] a person designated under section 3205a(1)(c) …, the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification." M.C.L. § 600.3205c(1). If the borrower is eligible for loan modification, the lender may not initiate foreclosure proceedings unless the

lender has offered the loan modification program and the borrower failed to accept the agreement within in 14 days. *Id.* at 600.3205c(7). If foreclosure proceedings are nonetheless initiated, the borrower may ask the circuit court to convert the foreclosure proceeding into a judicial foreclosure. *Id.* at 600.3205c(8).

Plaintiff has not alleged that he was eligible for loan modification. More importantly, section 600.3205c does not give this Court authority to set aside the foreclosure. *See Adams v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 90226 (E.D. Mich. Aug. 10, 2011) (unpublished) (Section 600.3205c "allows specified borrowers to convert a foreclosure by advertisement to a judicial foreclosure; it does not allow those borrowers to avoid foreclosure altogether or set aside a completed foreclosure.") Plaintiff can only ask that the foreclosure by advertisement is converted into a judicial foreclosure. In this case, the property has already been foreclosed and the redemption period has expired. There is no other relief under this section.

For the first time in his response, Plaintiff argues that his claim is under M.C.L. § 600.3205a. This allegation is not in Plaintiff's Complaint and he has not sought leave to amend. The Court will not consider it.

IV.    **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Docket No. 7, filed April 13, 2012] is **GRANTED** and that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that this case is **CLOSED**.

DATED:  June 29, 2012                           s/Denise Page Hood
                                                DENISE PAGE HOOD
                                                United States District Judge

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 29, 2012, by electronic and/or ordinary mail.

<u>s/Tanya Bankston for LaShawn  Saulsberry</u>
Case Manager, (313) 234-5160